UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**THE CLEMENTINE COMPANY LLC.** d/b/a **THE THEATER CENTER, PLAYERS THEATER MANAGEMENT CORP.** d/b/a **THE PLAYERS THEATER, WEST END ARTISTS COMPANY** d/b/a **THE ACTORS TEMPLE, SOHO PLAYHOUSE INC.** d/b/a **SOHO PLAYHOUSE, THE GENE FRANKEL THEATRE LLC., TRIAD PROSCENIUM PARTNERS INC.** d/b/a **THE TRIAD, CARAL LTD.** d/b/a **BROADWAY COMEDY CLUB,** and **DO YOU LIKE COMEDY LLC.** d/b/a **NEW YORK COMEDY CLUB,**

　　　　　　　　　　　Plaintiffs,

Against

**ANDREW M. CUOMO**, in his Official Capacity as Governor of the State of New York, **ATTORNEY GENERAL OF THE STATE OF NEW YORK**, **BILL de BLASIO**, in his Official Capacity as Mayor of the City of New York and **THE STATE OF NEW YORK,**

　　　　　　　　　　　Defendants.

---

**DECLARATION**

Civil Action No.:  1:20-CV-08899

　　　　Pursuant to 28 U.S.C. § 1746, James G. Mermigis, Esq., an attorney duly admitted to the practice of law in the State of New York and in this Court, hereby declares under penalty of perjury as follows:

　　　　1.　　I am a member of the Mermigis Law Group, P.C., attorneys for Plaintiffs, and as such am fully familiar with the facts and circumstances of this case. I make this declaration in

support of Plaintiffs' application for a preliminary injunction restraining Defendants, and all those acting in concert with them, from enforcing the shut down of *small venue theaters*.

2. Plaintiffs are *small venue theaters* in Manhattan. *Small venue theater*s remain closed while other places of public assembly including catering halls, restaurants, casinos, shopping malls, churches, bowling alleys, gyms have been allowed to reopen to the public.

3. Small venue theaters have a median capacity of *only 144 seats*, which is a lesser capacity than most restaurants, catering halls, gyms, casinos, shopping malls and bowling alleys. The median capacity of 144 seats also distinguishes small venue theaters from Broadway Theaters which range in capacity between 539 to 1933 seats. This *important* distinction makes *small venue theaters* eminently more capable of conforming to CDC health and safety guidelines.

3. In light of the foregoing, Plaintiffs' rights under the equal protection guarantee of the Fourteenth Amendment to the United States Constitution are violated by the disparate treatment of similar venues including restaurants and catering halls open to the general public. The deprivation of equal protection suffered by Plaintiffs constitutes irreparable harm under well-established precedent of this Court and the Court of Appeals, Second Circuit.

4. For these reasons, Plaintiffs respectfully request that this Court schedule a hearing on Plaintiffs' request for preliminary injunctive relief, and upon such hearing, enter an order restraining Defendants, and all those acting in concert with them, from enforcing any further shut down of *small venue theaters*.

5. Plaintiffs are not proceeding via a Notice of Motion because Defendants' enforcement of the shut down of *small venue theaters* constitutes the violation of Plaintiffs'

Constitutional Rights which alone represents irreparable injury warranting expedited action by this Court. The protection of Plaintiffs' Constitutional Rights cannot be achieved pursuant to the briefing and hearing schedule prescribed by Local Civil Rule 7.1.

6. Further, each day that Plaintiffs are subject to the shut down of their small venue theaters results in irreparable and devastating economic loss and, indeed, upon information and belief, each day that this wrong is allowed to persist, another small venue theater is permanently shutting its doors. Therefore, the shut down of these theaters presents an existential and omnipresent threat to Plaintiffs, warranting the use of the expedited procedure requested herein.

7. In sum, because of the importance of minimizing any additional delay in protecting the Constitutional Rights and livelihoods of Plaintiffs, it is respectfully requested that a hearing on Plaintiffs' requested emergency relief be held as soon as is practicable but no later than November 20, 2020.

8. On November 8, 2020, I contacted Deanna Collins, in the New York office of the New York State Office of Attorney General, via email informing her of Plaintiffs' intention to seek the relief requested herein.

**WHEREFORE**, declarant respectfully requests that this Court schedule a hearing on Plaintiffs' request for preliminary injunctive relief as soon as is practicable, and upon such hearing enter an order compelling Defendants immediately to refrain from enforcing the shut down of small venue theaters and granting Plaintiffs such other and further relief as the Court deems just and proper.

Dated: Syosset, New York
November 3, 2020

Respectfully submitted,

**THE MERMIGIS LAW GROUP, P.C.**

/s/James Mermigis
By:_____
James G. Mermigis, Esq.
85 Cold Spring Road, Suite 200
Syosset, New York  11791
516-353-0075
James@MermigisLaw.com

*Attorneys for Plaintiffs*