UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

THE CLEMENTINE COMPANY LLC, d/b/a THE THEATER CENTER, PLAYERS THEATER MANAGEMENT CORP, d/b/a THE PLAYERS THEATER, WEST END ARTISTS COMPANY d/b/a THE ACTORS TEMPLE, SOHO PLAYHOUSE, INC., d/b/a SOHO PLAYHOUSE, THE GENE FRANKEL THEATRE L.L.C, TRIAD PROSCENIUM PARNERS, INC., d/b/a THE TRIAD CARAL LTD. d/b/a BROADWAY COMEDY CLUB, and DO YOU LIKE COMEDY LLC, d/b/a NEW YORK COMEDY CLUB,

**DEFENDANT CITY OF NEW YORK'S ANSWER TO THE COMPLAINT**

20-CV-8899 (CM)

**JURY TRIAL DEMANDED**

                                                    Plaintiffs,

                        -against-

ANDREW M. CUOMO, in his Official Capacity as Governor of the State of New York, ATTORNEY GENERAL OF THE STATE OF NEW YORK, BILL de BLASIO, in his Official Capacity as Mayor of the City of New York and THE STATE OF NEW YORK,

                                                    Defendants.
------------------------------------------------------------------------------- x

Defendant New York City ("City") Mayor Bill de Blasio, by his attorney, James E. Johnson, Corporation Counsel of the City of New York, for his answer to the Complaint, respectfully alleges, upon information and belief, as follows:

1.    Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiffs purport to proceed in this action as stated therein.

2.    Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiffs purport to proceed in this action as stated therein.

3.    Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiffs purport to proceed in this action as stated therein.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.[1]

6.      Denies the allegations set forth in paragraph "6" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the median size of plaintiffs' theaters.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admits that New York State Executive Order No. 202.3, issued by Governor Andrew Cuomo on March 16, 2020, required theaters in the State to remain closed in order to prevent the transmission of COVID-19, and further admit that Executive Order No. 202.3 remains in effect as to theaters in the City as of the date of this Answer.

10.     Denies the allegations set forth in paragraph "10" of the Complaint, except admits that State Executive Order No. 202.3 was modified by Governor Cuomo to allow the limited re-

---

[1] While plaintiffs repeatedly use the terms "small venue theater" and "small venue theater industry," these terms are not clearly defined and it is not clear that these terms have any meaning or significance outside of the Complaint.  It appears that plaintiffs use the term to refer broadly to all theaters that they purport to be of a similar size to their own.

opening of some facilities in the City with industry-specific restrictions to minimize the spread of COVID-19.

11.     Denies the allegations set forth in paragraph "11" of the Complaint.

12.     Denies the allegations set forth in paragraph "12" of the Complaint, except admits that it contains a quote by Mayor de Blasio announcing the City's Back to School Pledge on August 20, 2020, and respectfully refers this Court to the press release quoted for its full text and true meaning.[2]

13.     Denies the allegations set forth in paragraph "13" of the Complaint, except admits that plaintiffs purport to proceed in this action as stated therein.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except admits that public records indicate The Clementine Company LLC is registered in the State of New York as a limited liability company with a business address in Manhattan.

15.     Denies the allegations set forth in paragraph "15" of the Complaint and avers that a search of the New York State Secretary of State Corporation and Business Entity Database did not show a registered corporation with the name Players Theater Management Corp. as described in paragraph "15" of the Complaint.

16.     Denies the allegations set forth in paragraph "16" of the Complaint and avers that a search of the New York State Secretary of State Corporation and Business Entity Database did

---

[2] Mayor de Blasio, Chancellor Carranza Release Reopening Pledge, New York City Office of the Mayor, August 20, 2020, available at https://www1.nyc.gov/office-of-the-mayor/news/601-20/mayor-de-blasio-chancellor-carranza-release-reopening-pledge (last visited February 8, 2021).

not show a registered corporation with the name West End Artists Company as described in paragraph "16" of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admits that public records indicate Soho Playhouse, Inc. is registered in the State of New York as a limited liability company with a business address in Manhattan.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint, except admits that public records indicate Gene Frankel Theatre LLC is registered in the State of New York as a limited liability company with a business address in Manhattan.

19.     Denies the allegations set forth in paragraph "19" of the Complaint and avers that a search of the New York State Secretary of State Corporation and Business Entity Database did not show a registered corporation with the name Triad Proscenium Partners, Inc. or The Triad as described in paragraph "19" of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, except admits that public records indicate that Caral Ltd. is registered in the State of New York as a limited liability company with a business address in White Plains, New York.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint, except admits that public records indicate that Do You Like Comedy? LLC is registered in the State of New York as a limited liability company with a business address in Manhattan.

22.     Denies the allegations set forth in paragraph "22" of the Complaint, except admits that the New York State Governor is Andrew M. Cuomo, Governor Cuomo signed State Executive Order No. 202.3 on or about March 16, 2020, and plaintiffs purport to proceed against Governor Cuomo as stated therein, and respectfully refers this Court to State Executive Order No. 202.3, the State Constitution, and Executive Law § 223 for their full text and true meaning.

23.     Denies the allegations set forth in paragraph "23" of the Complaint, except admits that the New York State Attorney General is head of the New York State Department of Law and respectfully refers this Court to New York State Executive Law § 60 for an accurate recitation of the duties and responsibilities of the Attorney General.

24.     Denies the allegations set forth in paragraph "24" of the Complaint, except admits that the New York City Mayor is Bill de Blasio, with offices at City Hall in New York, New York, and that Mayor de Blasio signed City Executive Order No. 100 on or about March 16, 2020, and respectfully refers this Court to the Executive Order itself for its full text and true meaning.

25.     Denies the allegations set forth in paragraph "25" of the Complaint, except admits that plaintiffs purport to proceed in this matter as stated therein.

26.     Denies the allegations set forth in paragraph "26" of the Complaint, except admits that plaintiffs purport to establish the jurisdiction of this Court as stated therein.

27.     Denies the allegations set forth in paragraph "27" of the Complaint, except admits that plaintiffs purport to establish the supplemental jurisdiction of this Court as stated therein.

28.     Denies the allegations set forth in paragraph "28" of the Complaint, except admits that plaintiffs purport to base venue as stated therein.

29.     Denies the allegations set forth in paragraph "29" of the Complaint.

30.     Denies the allegations set forth in paragraph "30" of the Complaint, except admits that on March 16, 2020, State Executive Order No. 202.3 directed that theaters in the State close as part of the effort to contain the spread of COVID-19, that State Executive Order No. 202.3 was adopted by the City in City Executive Order No. 100, that businesses deemed to be essential by the State were allowed to remain open with certain safety restrictions, and that theaters have not been permitted to reopen in the City as of the date of this Answer.

31.     Denies the allegations set forth in paragraph "31" of the Complaint and respectfully refers this Court to the State's Emergency Executive Orders themselves for an accurate recitation of their purpose and contents.

32.     Denies the allegations set forth in paragraph "32" of the Complaint.

33.     Denies the allegations set forth in paragraph "33" of the Complaint, except admits that the City has not conducted a "health inspection" of plaintiffs' theaters in relation to the COVID-19 pandemic.

34.     Denies the allegations set forth in paragraph "34" of the Complaint, except admits that businesses deemed essential by the State were permitted to operate with safety restrictions.

35.     Denies the allegations set forth in paragraph "35" of the Complaint, except admits that it contains a quote by Governor Cuomo and respectfully refers this Court to the press conference cited therein for its full text and true meaning.

36.     Denies the allegations set forth in paragraph "36" of the Complaint, and further denies the allegations to the extent they allege or purport to allege that Defendants acted improperly or contrary to law, and avers that State Executive Order No. 202.3 and City

Executive Order No. 100 were issued in response to the public health emergency caused by COVID-19.

37.     Denies the allegations set forth in paragraph "37" of the Complaint, except admits that it contains a quote by Governor Cuomo on June 25, 2020 and respectfully refers this Court to the transcript cited therein for its full text and true meaning.

38.     Denies the allegations set forth in paragraph "38" of the Complaint.

39.     Denies the allegations set forth in paragraph "39" of the Complaint.

40.     Denies the allegations set forth in paragraph "40" of the Complaint, and denies the characterization of State Executive Order No. 202.3 and City Executive Order No. 100 as "constitutionally questionable."

41.     Denies the allegations set forth in paragraph "41" of the Complaint.

42.     Denies the allegations set forth in paragraph "42" of the Complaint, except admits that all individuals over the age of two who are medically able to tolerate face coverings are required to wear face coverings in public when social distancing may not be maintained, and that businesses may use temperature checks as an additional safety measure.

43.     Denies the allegations set forth in paragraph "43" of the Complaint.

44.     Denies the allegations set forth in paragraph "44" of the Complaint.

45.     Denies the allegations set forth in paragraph "45" of the Complaint.

46.     Denies the allegations set forth in paragraph "46" of the Complaint insofar as it contains allegations of fact; insofar as it contains argument, no response is required.

47.     Denies the allegations set forth in paragraph "47" of the Complaint.

48.     Denies the allegations set forth in paragraph "48" of the Complaint insofar as it sets forth allegations of fact; insofar as it contains conclusions of law, no response is required.

49.     Denies the allegations set forth in paragraph "49" of the Complaint insofar as it sets forth allegations of fact; insofar as it contains conclusions of law, no response is required.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52.     Denies the allegations set forth in paragraph "52" of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54.     Denies the allegations set forth in paragraph "54" of the Complaint insofar as it sets forth allegations of fact; insofar as it contains conclusions of law, no response is required.

55.     Denies the allegations set forth in paragraph "55" of the Complaint, except admits that it contains a quote by Governor Cuomo and respectfully refers this Court to the press conference cited therein for its full text and true meaning.

56.     In response to the in response to the allegations set forth in paragraph "56" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

57.     States that paragraph "57" of the Complaint is a quote from 42 U.S.C. § 1983 to which no response is required.

58.     States that paragraph "58" of the Complaint is a quote from the Fourteenth Amendment of the Unites States Constitution to which no response is required.

59.     Denies the allegations set forth in paragraph "59" of the Complaint insofar as it sets forth allegations of fact; insofar as it contains conclusions of law, no response is required.

60.     States that the allegations set forth in paragraph "60" of the Complaint are legal conclusions to which no response is required.

61.     States that the allegations set forth in paragraph "61" of the Complaint are legal conclusions to which no response is required.

62.     The allegations set forth in paragraph "62" of the Complaint are legal conclusions to which no response is required.

63.     Denies the allegations set forth in paragraph "63" of the Complaint.

64.     Denies the allegations set forth in paragraph "64" of the Complaint of the Complaint, except admits that the State Executive Order did not provide pre-deprivation process and states that none was required by law.

65.     Admits the allegations set forth in paragraph "65" of the Complaint.

66.     Denies the allegations set forth in paragraph "66" of the Complaint.

67.     Denies the allegations set forth in paragraph "67" of the Complaint.

68.     Denies the allegations set forth in paragraph "68" of the Complaint.

69.     Denies the allegations set forth in paragraph "69" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants' lost revenue.

70.     Denies the allegations set forth in paragraph "70" of the Complaint.

71.     Denies the allegations set forth in paragraph "71" of the Complaint, except admits that plaintiffs purport to proceed in this action as stated therein.

72.     In response to the in response to the allegations set forth in paragraph "72" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

73.     States that paragraph "73" of the Complaint is a quote from 42 U.S.C. § 1983 to which no response is required.

74.     States that paragraph "74" of the Complaint is a quote from the Fourteenth Amendment of the United States Constitution to which no response is required.

75.     The allegations set forth in paragraph "75" of the Complaint are legal conclusions to which no response is required.

76.     The allegations set forth in paragraph "76" of the Complaint are legal conclusions to which no response is required.

77.     The allegations set forth in paragraph "77" of the Complaint are legal conclusions to which no response is required.

78.     Denies the allegations set forth in paragraph "78" of the Complaint.

79.     Denies the allegations set forth in paragraph "79" of the Complaint.

80.     Denies the allegations set forth in paragraph "80" of the Complaint.

81.     Denies the allegations set forth in paragraph "81" of the Complaint.

82.     Denies the allegations set forth in paragraph "82" of the Complaint, except admits that plaintiffs purport to proceed against Governor Cuomo and Mayor de Blasio as stated therein.

83.     Denies the allegations set forth in paragraph "83" of the Complaint, except admits that plaintiffs purport to proceed in this action as stated therein.

84.     In response to the in response to the allegations set forth in paragraph "84" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

85.     States that paragraph "85" of the Complaint is a quote from 42 U.S.C. § 1983 to which no response is required.

86.     States that paragraph "86" of the Complaint is a quote from the Fourteenth Amendment of the Unites States Constitution to which no response is required.

87.     Denies the allegations set forth in paragraph "87" of the Complaint.

88.     Denies the allegations set forth in paragraph "88" of the Complaint.

89.     Denies the allegations set forth in paragraph "89" of the Complaint.

90.     Denies the allegations set forth in paragraph "90" of the Complaint.

91.     Denies the allegations set forth in paragraph "91" of the Complaint, except admits that plaintiffs purport to proceed against Governor Cuomo and Mayor de Blasio as stated therein.

92.     Denies the allegations set forth in paragraph "92" of the Complaint, except admits that plaintiffs purport to proceed in this action as stated therein.

93.     In response to the in response to the allegations set forth in paragraph "93" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

94.     States that paragraph "94" of the Complaint is a quote from Article 1 § 11 of the New York State Constitution to which no response is required.

95.    Denies the allegations set forth in paragraph "95" of the Complaint.

96.    Denies the allegations set forth in paragraph "96" of the Complaint.

97.    Denies the allegations set forth in paragraph "97" of the Complaint, except admits that the City has not conducted a "health inspection" of plaintiffs' theaters in relation to the COVID-19 pandemic and states that none was required by law.

98.    Denies the allegations set forth in paragraph "98" of the Complaint.

99.    Denies the allegations set forth in paragraph "99" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

100.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

101.    Defendant Mayor Bill de Blasio has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant Mayor de Blasio violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

102.    Any injury alleged to have been sustained resulted from the actions of plaintiffs and/or the State and was not the proximate result of any act of Defendant Mayor de Blasio.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

103.    Plaintiffs have failed to mitigate their alleged damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

104.    Plaintiffs failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

105.    At all times relevant to the acts alleged in the complaint, defendant Mayor de Blasio acted reasonably in the proper and lawful exercise of his discretion.

**WHEREFORE**, Defendant Bill de Blasio requests judgment dismissing the Complaint as against him, with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

February 16, 2021
New York, New York

JAMES E. JOHNSON
Corporation Counsel of the City of New York
*Attorney for Defendant Bill de Blasio*
100 Church Street
New York, New York 10007
(212) 356-2369

/S

By: _____

Aimee K. Lulich
Assistant Corporation Counsel

cc:    James G. Mermigis, Esq. (By ECF)
Attorney for Plaintiffs

Matthew L. Conrad, Esq. (By ECF)
Attorney for Defendants State,
Governor Cuomo,  and the Attorney
General of the State of New York

20-CV-8899 (CM)

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CLEMENTINE COMPANY LLC, d/b/a THE THEATER
CENTER, PLAYERS THEATER MANAGEMENT CORP, d/b/a THE
PLAYERS THEATER, WEST END ARTISTS COMPANY d/b/a THE
ACTORS TEMPLE, SOHO PLAYHOUSE, INC., d/b/a SOHO
PLAYHOUSE, THE GENE FRANKEL THEATRE L.L.C, TRIAD
PROSCENIUM PARNERS, INC., d/b/a THE TRIAD CARAL LTD.
d/b/a BROADWAY COMEDY CLUB, and DO YOU LIKE COMEDY
LLC, d/b/a NEW YORK COMEDY CLUB,

Plaintiffs,

-against-

ANDREW M. CUOMO, in his Official Capacity as Governor of the
State of New York, ATTORNEY GENERAL OF THE STATE OF
NEW YORK, BILL de BLASIO, in his Official Capacity as Mayor of
the City of New York and THE STATE OF NEW YORK,

Defendants.

**DEFENDANT BILL DE BLASIO'S ANSWER TO THE
COMPLAINT**

**JAMES E. JOHNSON**

Corporation Counsel of the City of New York
*Attorney for Defendant Bill de Blasio*

100 Church Street Rm 5-318
New York, N.Y.  10007

Of Counsel: Aimee K. Lulich
Tel:  (212) 356-2369
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .................................. , 2021 . . .*

*...................................................................... Esq.*

*Attorney for ...........................................................*