# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CLEMENTINE COMPANY, LLC, et al.,<br><br>                              Plaintiffs,<br><br>-against-<br><br>ANDREW M. CUOMO, et al.,<br><br>                              Defendants. | No. 1:20-cv-08899-CM<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

STANDARD OF REVIEW ..................................................................................................... 1

DISCUSSION ........................................................................................................................... 2

CERTIFICATE OF SERVICE ................................................................................................. 6

# TABLE OF AUTHORITIES

## Cases

*Baksh v. Captain*,
  No. 99-CV-1806 (ILG), 2000 WL 33177209 (E.D.N.Y. Dec. 11, 2000) .................... 1

*Friedl v. City of New York*,
  210 F.3d 79 (2d Cir. 2000) ................................................................................... 2

*Harvey Aluminum, Inc. v. Am. Cyanamid Co.*,
  203 F.2d 105 (2d Cir. 1953) ................................................................................. 1

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
  797 F.3d 160 (2d Cir. 2015) ................................................................................. 2

*Roman Cath. Diocese of Brooklyn v. Cuomo*,
  141 S. Ct. 63 (2020) ............................................................................................. 3

*S. Bay United Pentecostal Church v. Newsom*,
  141 S. Ct. 716 (2021) ........................................................................................... 3

*Tandon v. Newsom*,
  141 S. Ct. 1294 (2021) ......................................................................................... 3

*Wakefield v. N. Telecom, Inc.*,
  769 F.2d 109 (2d Cir. 1985) ................................................................................. 2

## Statute

28 U.S.C. § 1657 ............................................................................................................. 4

## Rules

Fed. R. Civ. P. 15 ............................................................................................................ 1

Fed. R. Civ. P. 15(a)(2) ................................................................................................... 1

Fed. R. Civ. P. 21 ............................................................................................................ 1

Fed. R. Civ. P. 27(a)(3)(A) ............................................................................................. 4

Pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure, Plaintiffs respectfully move the Court for leave to file the attached First Amended Complaint. *See* Exhibit A. The First Amended Complaint addresses changes in law and fact that have occurred since the original Complaint was filed (including adding a claim under the First Amendment to the U.S. Constitution), removes Plaintiffs that no longer wish to proceed with the litigation, and removes Defendants that are not necessary to the resolution of the claims. Plaintiffs respectfully request that the Court grant leave to file the First Amended Complaint, attached as Exhibit A.

Because Defendant de Blasio has filed an Answer (Doc. 62), Plaintiffs sought Defendants' consent to the filing of the Amended Complaint. To that end, Plaintiffs provided counsel for Defendants a draft copy of the amended complaint on April 30, 2021. Defendant de Blasio has indicated that he intends to oppose this motion. The remaining Defendants have not offered a response with their position on the filing of the Amended Complaint even though Plaintiffs requested a response by the end of the day on May 4, 2021.

**STANDARD OF REVIEW**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend a pleading should be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion." *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953). *But see Baksh v. Captain*, No. 99-CV-1806 (ILG), 2000 WL 33177209 (E.D.N.Y. Dec. 11, 2000) (suggesting Rule 41 should govern dismissal of parties).

Amendment and dismissal of parties are governed by a "permissive standard," consistent with the Second Circuit's "strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (citation and internal quotation marks omitted); *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985). Accordingly, courts may deny leave to amend or dismiss parties only when "there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000); *Wakefield*, 769 F.2d at 114 ("In general, the court may allow such a dismissal [without prejudice] if the defendant will not be prejudiced thereby.").

## DISCUSSION

Plaintiffs are a group of small venue theaters and comedy clubs, each with seating capacity of 298 seats or less. This lawsuit challenges executive orders issued by Governor Andrew Cuomo and enforced by Mayor Bill de Blasio that continue to significantly curtail Plaintiffs' business operations. For more than a year, those operations were shut down entirely pursuant to executive orders issued as a response to the COVID-19 pandemic. Plaintiffs were recently allowed to reopen, but only at 33% capacity, while many other similarly situated businesses—including restaurants and bars with live music, jazz supper clubs, night clubs, event venues, and houses of worship—are allowed to open at 50% or greater capacity. This unequal treatment violates the Free Speech and Equal Protection Clauses of the United States Constitution.

Plaintiffs' original complaint was filed on October 26, 2020. Since then, there have been many significant legal and factual developments which justify the filing of the First Amended Complaint. Most prominently, the Supreme Court has issued a series of highly pertinent decisions beginning in November 2020, which brought into sharp relief the free speech issues in this case. *See, e.g.*, *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020); *S. Bay United Pentecostal Church v. Newsom*, 141 S. Ct. 716 (2021); *Tandon v. Newsom*, 141 S. Ct. 1294 (2021). As this Court has recognized, this case raises "very interesting and thorny issues," ECF No. 67, at 3. Resolution of those issues would serve justice and is strongly in the public interest.

In light of these developments, Plaintiffs have retained Pacific Legal Foundation, a public interest law firm that specializes in protecting freedom of speech, and have prepared a First Amended Complaint that includes several key changes. First, Plaintiffs have simplified their complaint to focus solely on the important constitutional issues of free speech and equal protection. Second, Plaintiffs have dropped the State of New York and the New York Attorney General as Defendants. Third, two Plaintiffs have chosen to withdraw from the case.

Granting Plaintiffs leave to file their First Amended Complaint would serve justice and promote judicial efficiency by streamlining the number of claims, the number of Plaintiffs, and the number of Defendants. Defendants would suffer no prejudice from acceptance of the First Amended Complaint, especially given that Defendant Cuomo has not yet filed a responsive pleading to the initial complaint.

3

Plaintiffs' motion to amend is also timely, given that Plaintiffs were first allowed to reopen at 33% capacity on April 2, 2021, and the First Amended Complaint (and Plaintiffs' retention of new counsel) follows only a little more than one month later.

Finally, Plaintiffs request expedited consideration of this motion. Plaintiffs continue to suffer irreparable injury because of the ongoing violation of their rights under the Free Speech and Equal Protection Clauses. Plaintiffs plan to file a renewed motion for preliminary relief shortly after their First Amended Complaint is accepted. Accordingly, expedited consideration is appropriate under 28 U.S.C. § 1657, both because preliminary relief will be sought and because this case implicates "a right under the Constitution of the United States" and the facts show that Plaintiffs' request has merit. Pursuant to Rule 27(a)(3)(A), Plaintiffs also respectfully request that the Court shorten the time for Defendants to respond to this motion, and likewise shorten the time for Plaintiffs to file a reply. Defendants received a draft of Plaintiffs' amended complaint on April 30; requiring a response by Monday, May 10, would allow Defendants a full 10 days to consider the Amended Complaint.

5

WHEREFORE, Plaintiffs respectfully request that the Court grant leave to file the First Amended Complaint, attached as Exhibit A.

Dated: May 5, 2021.

Respectfully submitted,

DANIEL M. ORTNER*
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
Email: DOrtner@pacificlegal.org

s/ James G. Mermigis
JAMES G. MERMIGIS, ESQ.
The Mermigis Law Group, P.C.
85 Cold Spring Road, Suite 200
Syosset, New York 11791
Telephone: (516) 353-0075
Email: James@MermigisLaw.com

GLENN E. ROPER*
Pacific Legal Foundation
1745 Shea Center Drive, Suite 400
Highlands Ranch, Colorado 80129
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
Email: GERoper@pacificlegal.org

*Pro Hac Vice

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Counsel for all parties are registered with the Court's CM/ECF system and will receive a notification of such filing via the Court's electronic filing system.

s/ James G. Mermigis
JAMES G. MERMIGIS, ESQ.
The Mermigis Law Group, P.C.
85 Cold Spring Road, Suite 200
Syosset, New York 11791
Telephone: (516) 353-0075
Email: James@MermigisLaw.com
*Counsel for Plaintiffs*
