UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

THE CLEMENTINE COMPANY LLC, d/b/a THE THEATER CENTER; PLAYERS THEATRE MANAGEMENT CORP, d/b/a THE PLAYERS THEATRE; WEST END ARTISTS COMPANY d/b/a THE ACTORS TEMPLE THEATRE; SOHO PLAYHOUSE, INC., d/b/a SOHO PLAYHOUSE; CARAL LTD. d/b/a BROADWAY COMEDY CLUB; and DO YOU LIKE COMEDY? LLC, d/b/a NEW YORK COMEDY CLUB,

**DEFENDANT CITY OF NEW YORK'S ANSWER TO THE FIRST AMENDED COMPLAINT**

20-CV-8899 (CM)

**JURY TRIAL DEMANDED**

Plaintiffs,

-against-

ANDREW M. CUOMO, in his Official Capacity as Governor of the State of New York, BILL de BLASIO, in his Official Capacity as Mayor of New York City,

Defendants.
------------------------------------------------------------------------------- x

Defendant New York City ("City") Mayor Bill de Blasio,[1] by his attorney, Georgia M. Pestana, Corporation Counsel of the City of New York, for his answer to the First Amended Complaint (hereinafter "Complaint") respectfully alleges, upon information and belief, as follows:

1.      Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiffs purport to proceed in this action as stated therein.

2.      Denies the allegations set forth in paragraph "2" of the Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

4.      Denies the allegations set forth in paragraph "4" of the Complaint, except admits that New York State Executive Order No. 202.3, issued by Governor Andrew Cuomo on March 16, 2020, required theaters in the State to remain closed in order to prevent the transmission of

---

[1] Governor Cuomo was dismissed as a defendant in this action by Order dated August 4, 2021.

COVID-19, and further admits that Executive Order No. 202.3 remained in effect as to theaters in the City until April 2, 2021.

5.      Denies the allegations set forth in paragraph "5" of the Complaint, except admits that on the date of filing of the Complaint, State Executive Order No. 202.3 had been modified by Governor Cuomo to allow the limited re-opening of some facilities in the City with industry-specific restrictions to minimize the spread of COVID.

6.      Denies the allegations set forth in paragraph "6" of the Complaint, except admits that on the date of filing of the Complaint, numerical capacity limitations were not among the restrictions required for the operation of Houses of Worship.

7.      Denies the allegations set forth in paragraph "7" of the Complaint, except admits that on the date of filing of the Complaint, New York State Emergency Executive Order ("EEO") 202.98 permitted small events, arts, and entertainment venues to reopen at 33% capacity up to 100 people or 150 people if proof of negative COVID test was required, and that EEO 202.98 is no longer in effect.

8.      Denies the allegations set forth in paragraph "8" of the Complaint.

9.      Denies the allegations set forth in paragraph "9" of the Complaint.

10.     Denies the allegations set forth in paragraph "10" of the Complaint, except admits that Plaintiffs purport to proceed in this action as stated therein.

11.     Denies the allegations set forth in paragraph "11" of the Complaint, except admits that Plaintiffs purport to proceed in this action as stated therein.

12.     Denies the allegations set forth in paragraph "12" of the Complaint, except admits that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

13.     Denies the allegations set forth in paragraph "13" of the Complaint, except admits that Plaintiffs purport to base venue as stated therein.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except admits that public records indicate The Clementine Company LLC is registered in the State of New York as a limited liability company with a business address in Manhattan.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint and avers that a search of the New York State Secretary of State Corporation and Business Entity Database did not show a registered corporation with the name Players Theatre Management Corp.

17.     Denies the allegations set forth in paragraph "17" of the Complaint and avers that a search of the New York State Secretary of State Corporation and Business Entity Database did not show a registered corporation with the name West End Artists Company as described in the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint, except admits that public records indicate Soho Playhouse, Inc. is registered in the State of New York as a limited liability company with a business address in Manhattan.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, except admits that public records indicate

that Caral Ltd. is registered in the State of New York as a limited liability company with a business address in White Plains, New York.

20.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, except admits that public records indicate that Do You Like Comedy? LLC is registered in the State of New York as a limited liability company with a business address in Manhattan.

21.      Denies the allegations set forth in paragraph "21" of the Complaint, except admits that the New York State Governor is Andrew M. Cuomo, Governor Cuomo signed State Executive Order No. 202.98, and avers that Governor Cuomo is no longer a defendant in this matter.

22.      Denies the allegations set forth in paragraph "22" of the Complaint, except admits that the New York City Mayor is Bill de Blasio, with offices at City Hall in New York, New York and that plaintiffs purport to proceed in this matter as stated therein.

23.      Denies the allegations set forth in paragraph "23" of the Complaint.

24.      Denies the allegations set forth in paragraph "24" of the Complaint, except admits that on March 16, 2020, State Executive Order No. 202.3 directed that theaters in the State close as part of the effort to contain the spread of COVID-19, that subsequent State EOs modified EO 202.3, and refer this Court to the EOs cited therein for their full text and true meaning.

25.      Denies the allegations set forth in paragraph "25" of the Complaint, except admits that Mayor de Blasio signed City Executive Order No. 100 on March 16, 2020 and refers this Court to City EO 100 for its full text and true meaning.

26.     Denies the allegations set forth in paragraph "26" of the Complaint, except admits that Mayor de Blasio signed City EO 197 on April 29, 2021 and refers this Court to EO 197 for its full text and true meaning.

27.     Denies the allegations set forth in paragraph "27" of the Complaint.

28.     Denies the allegations set forth in paragraph "28" of the Complaint.

29.     Denies the allegations set forth in paragraph "29" of the Complaint.

30.     Denies the allegations set forth in paragraph "30" of the Complaint.

31.     Denies the allegations set forth in paragraph "31" of the Complaint.

32.     Denies the allegations set forth in paragraph "32" of the Complaint, except admits that Governor Cuomo instituted a four phase reopening plan and refers this Court to the plan itself for its full text and true meaning.

33.     Denies the allegations set forth in paragraph "33" of the Complaint, except admits that State EO 202.45 did not provide for the re-opening of indoor theaters and comedy clubs in New York City and refers this Court to EO 202.45 for its full text and true meaning.

34.     Denies the allegations set forth in paragraph "34" of the Complaint, except admits that Governor Cuomo issued State EO 202.68 and 202.74 and refers this Court to the EOs themselves for their full text and true meaning.

35.     Denies the allegations set forth in paragraph "35" of the Complaint, except admits that Governor Cuomo issued State EO 202.81 in December 2020 and refers this Court to the EO itself for its full text and true meaning.

36.     Denies the allegations set forth in paragraph "36" of the Complaint, except admits that Governor Cuomo issued State EO 202.98 on March 21, 2021, and refers this Court to the EO itself for its full text and true meaning.

37.     Denies the allegations set forth in paragraph "37" of the Complaint, except admits that Governor Cuomo issued State EO 202.98 on March 21, 2021, refers this Court to the EO itself for its full text and true meaning, and states that EO 202.98 is no longer in effect.

38.     Denies the allegations set forth in paragraph "38" of the Complaint, except admits that Governor Cuomo issued State EO 202.97 on March 17, 2021, and refers this Court to the EO itself for its full text and true meaning.

39.     Denies the allegations set forth in paragraph "39" of the Complaint, except admits that Governor Cuomo issued State EO 202.97 on March 17, 2021, refers this Court to the EO itself for its full text and true meaning, and states that EO 202.97 is no longer in effect.

40.     Denies the allegations set forth in paragraph "40" of the Complaint and refers this Court to State EO 202.68 for its full text and true meaning.

41.     Denies the allegations set forth in paragraph "41" of the Complaint, except admits that the paragraph cites to Roman Cath. Diocese of Brooklyn v. Cuomo, 141 S. Ct. 63 (2020), Agudath Israel of Am. V. Cuomo, 2020 WL 7691715, at *9 (2d Cir. 2020), and Agudath Israel v. Cuomo, Case 20-cv-04834, ECF No. 44 (E.D.N.Y. Feb. 9, 2021), and refers this Court to the decisions themselves for their full text and true meaning.

42.     Denies the allegations set forth in paragraph "42 of the Complaint, except admits that houses of worship were permitted to operate at 50% capacity on the date of filing of the Complaint and refers this Court to the injunction cited therein for its full text and true meaning.

43.     Denies the allegations set forth in paragraph "43" of the Complaint, except admits that, pursuant to the State's NY Forward Plan, New York City personal care services and indoor dining were permitted to operate at 75% capacity starting May 7, 2021 and fitness centers at 50% capacity starting May 15, 2021.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint, except admits that theaters are not currently subject to capacity limits.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint and refers this Court to the press conference cited therein for its full text and true meaning.

46.     Denies the allegations set forth in paragraph "46" of the Complaint, except admits that it contains a quote by Governor Cuomo and respectfully refers this Court to the press conference cited therein for its full text and true meaning.

47.     Denies the allegations set forth in paragraph "47" of the Complaint, except refers this Court to the State Interim Guidance cited therein for an accurate recitation of its contents.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49.     Denies the allegations set forth in paragraph "49" of the Complaint.

50.     Denies the allegations set forth in paragraph "50" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that "houses of worship, restaurants, or event venues "meet in buildings once used as theaters."

51.     Denies the allegations set forth in paragraph "51" of the Complaint.

52.     Denies the allegations set forth in paragraph "52" of the Complaint.

53.     Denies the allegations set forth in paragraph "53" of the Complaint.

54.     Denies the allegations set forth in paragraph "54" of the Complaint.

55.     Denies the allegations set forth in paragraph "55" of the Complaint.

56.     Denies the allegations set forth in paragraph "56" of the Complaint.

57.     Denies the allegations set forth in paragraph "57" of the Complaint.

58.     In response to the in response to the allegations set forth in paragraph "58" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

59.     States that paragraph "57" of the Complaint is a quote from <u>Schad v. Mount Ephraim</u>, 452 U.S. 61, 65 (1981), to which no response is required.

60.     Denies the allegations set forth in paragraph "60" of the Complaint insofar as it sets forth allegations of fact; insofar as it contains conclusions of law, no response is required.

61.     Denies the allegations set forth in paragraph "61" of the Complaint insofar as it sets forth allegations of fact; insofar as it contains conclusions of law, no response is required.

62.     Denies the allegations set forth in paragraph "62" of the Complaint.

63.     Denies the allegations set forth in paragraph "63" of the Complaint.

64.     Denies the allegations set forth in paragraph "64" of the Complaint.

65.     Admits the allegations set forth in paragraph "65" of the Complaint.

66.     Denies the allegations set forth in paragraph "66" of the Complaint.

67.     Denies the allegations set forth in paragraph "67" of the Complaint.

68.     Denies the allegations set forth in paragraph "68" of the Complaint.

69.    Denies the allegations set forth in paragraph "69" of the Complaint.

70.    Denies the allegations set forth in paragraph "70" of the Complaint.

71.    Denies the allegations set forth in paragraph "71" of the Complaint, except admits that plaintiffs purport to proceed in this action as stated therein.

72.    In response to the in response to the allegations set forth in paragraph "72" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

73.    Denies the allegations set forth in paragraph "73" of the Complaint.

74.    Denies the allegations set forth in paragraph "74" of the Complaint insofar as it sets forth allegations of fact; insofar as it contains conclusions of law, no response is required.

75.    Denies the allegations set forth in paragraph "75" of the Complaint insofar as it sets forth allegations of fact; insofar as it contains conclusions of law, no response is required.

76.    The allegations set forth in paragraph "76" of the Complaint are legal conclusions to which no response is required.

77.    Denies the allegations set forth in paragraph "77" of the Complaint.

78.    Denies the allegations set forth in paragraph "78" of the Complaint.

79.    Denies the allegations set forth in paragraph "79" of the Complaint.

80.    Denies the allegations set forth in paragraph "80" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

81.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

82.    Defendant Mayor Bill de Blasio has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant Mayor de Blasio violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

83.    Any injury alleged to have been sustained resulted from the actions of plaintiffs and/or the State and was not the proximate result of any act of Defendant Mayor de Blasio.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

84.    Plaintiffs have failed to mitigate their alleged damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

85.    Plaintiffs failed to comply with New York General Municipal Law §§ 50(e), *et seq.*

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

86.    At all times relevant to the acts alleged in the complaint, defendant Mayor de Blasio acted reasonably in the proper and lawful exercise of his discretion.

**WHEREFORE**, Defendant Bill de Blasio requests judgment dismissing the Complaint as against him, with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

September 10, 2021
New York, New York

GEORGIA M. PESTANA
Corporation Counsel of the City of New York
*Attorney for Defendant Bill de Blasio*
100 Church Street
New York, New York 10007
(212) 356-2369

/S

By: _____

Aimee K. Lulich
Assistant Corporation Counsel

20-CV-8899 (CM)

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CLEMENTINE COMPANY LLC, d/b/a THE THEATER
CENTER, PLAYERS THEATER MANAGEMENT CORP, d/b/a THE
PLAYERS THEATER, WEST END ARTISTS COMPANY d/b/a THE
ACTORS TEMPLE, SOHO PLAYHOUSE, INC., d/b/a SOHO
PLAYHOUSE, THE GENE FRANKEL THEATRE L.L.C, TRIAD
PROSCENIUM PARNERS, INC., d/b/a THE TRIAD CARAL LTD.
d/b/a BROADWAY COMEDY CLUB, and DO YOU LIKE COMEDY
LLC, d/b/a NEW YORK COMEDY CLUB,

Plaintiffs,

-against-

ANDREW M. CUOMO, in his Official Capacity as Governor of the
State of New York, ATTORNEY GENERAL OF THE STATE OF
NEW YORK, BILL de BLASIO, in his Official Capacity as Mayor of
the City of New York and THE STATE OF NEW YORK,

Defendants.

**DEFENDANT BILL DE BLASIO'S ANSWER TO THE FIRST
AMENDED COMPLAINT**

**GEORGIA M. PESTANA**

Corporation Counsel of the City of New York
*Attorney for Defendant Bill de Blasio*

100 Church Street Rm 5-318
New York, N.Y.  10007

Of Counsel: Aimee K. Lulich
Tel:  (212) 356-2369
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .................................... , 2021 . . .*

*....................................................................... Esq.*

*Attorney for ...........................................................*